Slip Op. 11 - 29

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SAHA THAI STEEL PIPE (PUBLIC) COMPANY LTD., | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | : | Consol. Court No. 08-00380 |
| Defendant, | : | |
| and | : | |
| ALLIED TUBE AND CONDUIT CORP., and WHEATLAND TUBE COMPANY, | : | |
| Defendant-Intervenors. | : | |

**OPINION AND ORDER**

[Holding in abeyance defendant-intervenors' consent motion to lift injunction.]

Dated: March 22, 2011

*O'Melveny & Myers LLP* (*Greyson L. Bryan*), for the plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Jane C. Dempsey*); Office of the Chief Counsel for Import Administration, United States Department of Commerce (*Joanna V. Theiss*), of counsel, for the defendant.

*Schagrin Associates* (*Roger B. Schagrin*, *Jeffrey E. Farrah*, *John W. Bohn*, and *Michael J. Brown*), for the defendant-intervenors.

Musgrave, Senior Judge: On February 14, 2011, the Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed judgment on this case. *Saha Thai Steel Pipe (Public) Co. v.*

*United States*, ___ F.3d ___, 2011 WL 553585 (Fed. Cir. 2011). On March 1, 2011, the defendant intervenors Allied Tube and Conduit Corporation and Wheatland Tube Company filed a consent motion to lift the injunction currently suspending liquidation of entries of merchandise subject to *Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review*, 73 Fed. Reg. 61019 (Dep.'t Comm. Oct. 15, 2008) ("*Final Results*"). *See* Order on Mot. for Injunction, Oct. 28, 2008, ECF No. 11. The subject merchandise for those entries were produced and exported to the United States by the plaintiff Saha Thai Steel Pipe (Public) Company Ltd. and were entered, or withdrawn from warehouse, for consumption, during the period March 1, 2006 through February 28, 2007 inclusive, and remained unliquidated as of five o'clock p.m. (Eastern Standard Time) on the fifth business day after a copy of this Court's October 28, 2008 Preliminary Injunction Order was served upon officers of the U.S. Department of Commerce and U.S. Customs and Border Protection. *See id.*

The motion to lift the injunction alleges that all parties to this case have been contacted regarding the motion and that each indicated "they do not intend to appeal this matter to the Supreme Court of the United States, or otherwise pursue any further appeals of this case." Consent Motion Requesting Order Lifting Injunction Suspending Liquidation ¶ 4. However, a primary purpose of a writ of injunction is to aid jurisdiction. *See* 28 U.S.C. § 1651(a) ("[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). The Federal Circuit currently maintains jurisdiction over this case (it has yet to issue its mandate), and this Court has a duty to aid such appellate jurisdiction until it is relinquished. *See id.* "Issuance

of the mandate formally marks the end of appellate jurisdiction. Jurisdiction [is thereby] return[ed] to the tribunal to which the mandate is directed, for such proceedings as may be appropriate[.]" *Johnson v. Bechtel Associates Professional Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986). *See* Federal Rule of Appellate Procedure ("FRAP") 41; *see, e.g., United States v. DiLapi*, 651 F.2d 140, 144 (2d Cir.1981), *cert. denied*, 455 U.S. 938 (1982); *Laclede Steel Co. v. United States*, 24 CIT 1293, 125 F. Supp.2d 525 (2000).

While appeal is pending, the Court may *only* modify an injunction in a manner that will preserve the *status quo* in aid of appellate jurisdiction.[1] *See, e.g.*, FRAP 8(a)(1) ("[a] party must ordinarily move first in the district court for . . . (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending"); USCIT Rule 62(c) ("[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights"). The motion at bar, however, would amount to *vacatur*, not merely modification, and vacation of the injunction prior to issuance of the appellate mandate would amount to improper divestment of appellate jurisdiction over the case. "The date of the certified order is the date of the mandate[,]" Federal Circuit Rule 41, but if immediate lifting of the injunction is the parties' desired course of action, they have the option to file a consent motion to dismiss at the Federal Circuit in advance of issuance of the mandate.

---

[1] This Court has "the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent." *United States v. Swift*, 286 U.S. 106, 114 (1932).

Consol. Court No. 08-00380                                                                                                      Page 4

       The motion to lift the injunction will therefore be held in abeyance until receipt of the appellate mandate on the case. If that occurs, the motion will be acted upon in due course without further action from the parties unless it be withdrawn.

       **So ordered**.

                                              /s/ R. Kenton Musgrave
                                            R. KENTON MUSGRAVE, Senior Judge

Dated: March 22, 2011
       New York, New York